IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NANEZ, | No. C 11-4435 SBA (PR) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION** |
| WARDEN GREGORY LEWIS, et al., | |
| Defendants. | |

Plaintiff David Nanez[1] is a state prisoner incarcerated at Pelican Bay State Prison (PBSP). He has filed this civil rights action under 42 U.S.C. § 1983, and he has been granted leave to proceed in forma pauperis (IFP). Venue is proper in this Court because the injuries complained of occurred at PBSP, which is located within the Northern District of California. See 28 U.S.C. § 1391; 28 U.S.C. § 84.

**BACKGROUND**

Plaintiff alleges that on March 5, 2011, while being transported to the showers, he fell while walking down the corridor to the showers and suffered injuries. Plaintiff filed a prison grievance, which was denied on all levels.

In the present action, Plaintiff raises a claim of deliberate indifference to his health and safety in violation of the Eighth Amendment, as well as negligence claims against the prison warden and also the correctional officers who transported him for failing to provide an armed escort and for allowing him to slip and fall. He seeks monetary damages.

**STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Plaintiff's name was originally misspelled as "Nunez" in the Court's electronic database, and it has since been corrected to "Nanez."

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991), which requires more than a showing of negligence, see Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment unless the standard for criminal recklessness is met, that is, the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. And under no circumstances is there respondeat superior liability under § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations in his complaint do not state claim for relief under the Eighth Amendment. At most, his allegations regarding his slip and fall amount to no more than negligence, which is not actionable under § 1983. See Farmer, 511 U.S. at 835-36 & n.4.

Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Because amendment would be futile, this action is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The action is DISMISSED with prejudice and without leave to amend. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

1  The Clerk of the Court shall terminate all pending motions as moot and close the file.
2  Further, the Court certifies that any appeal from this dismissal would not be taken "in good faith"
3  pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962);
4  Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP
5  on appeal only if appeal would not be frivolous).

IT IS SO ORDERED.

DATED: 6/20/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID NANEZ,

        Plaintiff,

v.

G LEWIS et al,

        Defendant.

Case Number: CV11-04435 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Nanez H-47243
Pelican Bay State Prison
P.O. Box 7500
Cresent City, CA 95532

Dated: June 21, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Nanez4435.Dismiss.frm       5